R. Terry Parker, Esquire
RATH, YOUNG and PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Lickerish, Ltd.*

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LICKERISH, LTD., <br><br> Plaintiff, <br><br> v. <br><br> SHUTTERSTOCK INC., <br><br> Defendant. | **Case No.:** |

### COMPLAINT AND JURY DEMAND

The plaintiff Lickerish, Ltd. ("Plaintiff"), by its undersigned attorneys, Rath, Young and Pignatelli, P.C., for its complaint against the defendant Shutterstock Inc. ("Defendant"), alleges as follows:

### SUBSTANCE OF THE ACTION

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1) and 501.

2. Plaintiff seeks compensatory or statutory damages in an amount to be established at trial.

## PARTIES

3. Plaintiff is a limited company organized under the laws of England with a principal place of business at 2nd Floor, Fitzroy House, 18 Ashwin Street, London E8 3DL.

4. Upon information and belief, Defendant is a foreign business corporation doing business at 350 Fifth Avenue, 21st Floor, New York, NY 10118.

## JURISDICTION AND VENUE

5. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*, 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338 (a) (jurisdiction over copyright actions).

6. Personal jurisdiction over Defendant is proper. Defendant is conducting business in and committing torts in this state, including, without limitation, Defendant's copyright infringement, which causes harm in this state and judicial district.

7. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.    Plaintiff's Business**

8. Plaintiff is a photographic syndication company that licenses photographic works on behalf of an array of internationally renowned photographers. Through its extensive library of pictures of celebrities and models, Plaintiff has developed a large worldwide clientele who obtain licenses to its works for various professional applications, including editorial, advertising, corporate and non-profit use.

9. Plaintiff is the exclusive licensee of the photographic image by the celebrated

photographer Elisabeth Hoff at issue in this litigation, a copy of which is attached hereto as Exhibit A (the "Copyrighted Work").

10. The Copyrighted Work is an original work of authorship.

11. Plaintiff, as the exclusive licensee of the copyrights in and to the Copyrighted Work, has the right to bring this suit.

12. On behalf of Ms. Hoff, Plaintiff has obtained registration with the United States Copyrighted Office for the Copyrighted Work.  Attached hereto as Exhibit B is a copy of the certificate for registration obtained from the United States Copyright Office.

**B.  Defendant's Unlawful Activities**

13. Upon information and belief, Defendant is a media company that owns a number of websites, including one located at the URL http://www.wwd.com, where high quality photographic images belonging to others, such as the Copyrighted Work, are used by Defendant to draw internet users to visit and remain at Defendant's websites, thus profiting from Plaintiff's labor as viewership and advertising revenue grow, and the monetary value of the website grows.

14. Plaintiff has discovered that Defendant has been infringing Plaintiff's exclusive copyrights in the Copyrighted Work by reproducing, distributing, creating derivative works of and publicly displaying the Copyrighted Work.

15. Copies of screenshots showing the infringing use of the Copyrighted Work are attached hereto as Exhibit C.

16. Upon information and belief, Defendant is directly responsible for the unlawful reproduction, distribution, public display, and derivation of the Copyrighted Work.

17. Defendant's reproduction, distribution, public display and derivation of the Copyrighted Work are without Plaintiff's authorization.

18. Defendant's unauthorized reproduction, distribution, public display and derivation of the Copyrighted Work are knowing and willful and in reckless disregard of Plaintiff's rights.

19. Defendant purposefully, not accidently, took and used the Copyrighted Work, knowing it lacked authorization for such use.

### CLAIM FOR RELIEF
### (Direct Copyright Infringement)

20. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

21. The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

22. Upon information and belief, as a result of Plaintiff's public display of the Copyrighted Work, Defendant had access to the Copyrighted Work prior to using it at the infringing website.

23. By its actions, as alleged above, Defendant has infringed Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing, creating derivative works of and publicly displaying the Registered Copyrighted Works.

24. Upon information and belief, the infringement by Defendant is willful and deliberate and Defendant has profited at the expense of Plaintiff.

25. As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive copyrights in the Copyrighted Work, Plaintiff is entitled to recover its actual damages resulting from such uses without paying license fees, in an amount to be proven at trial.

26. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff

shall be entitled to recover damages based on a disgorgement of the profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

27. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, public display and derivation of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

28. Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

29. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendant has infringed Plaintiff's copyrights under the Copyright Act;

2. A declaration that such infringement is willful;

3. An accounting of all revenue earned by Defendant resulting from its reproduction, distribution or display of the Copyrighted Work, or any portion or derivation of the Copyrighted Work;

4. Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from its acts of copyright infringement or, *in lieu* thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c),

including damages for willful infringement of up to $150,000 for each instance of copyright infringement;

5. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future infringement;

6. Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505;

7. Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

8. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Registered Copyrighted Work or to participate or assist in any such activity; and

9. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: July 14, 2020

Respectfully submitted,

By: /s/ R. Terry Parker
R. Terry Parker, Esquire
RATH, YOUNG and PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff
Lickerish, Ltd.*